IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NEAL GEORGE | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-07-735 |
| WARDEN LISA J. W. HOLLINSWORTH | * | |
| ALBERTO GONZALES | | |
| Defendants. | * | |

*****

## **MEMORANDUM**

Plaintiff filed this "Federal Tort Claim" lawsuit on or about March 15, 2007, alleging that a U.S. Bureau of Prisons ("BOP") dentist employed at the Federal Prison Camp ("FPC") at the Seymour Johnson Air Force Base attempted to repair his his partial upper and lower dental plates and broke the clasp.[1]  *Id*.  Plaintiff claims that there was insufficient time to allow the dentist to repair the damage as the FPC was shutting down operations and the inmates were being transferred to other BOP facilities.[2]  *Id*.  He seeks to be provided new, properly fitted upper and lower partial plates and compensatory and punitive damages.[3]  *Id*.

Defendants have filed a Motion to Dismiss or for Summary Judgment claiming that Plaintiff failed to present his tort claim to the BOP within two years of the accrual of the claims under the Federal Tort Claim Act ("FTCA"), there has been no waiver of sovereign immunity, and this court lacks subject-matter over the Complaint.  Paper No. 8.  Defendants alternatively argue that there is no merit to Plaintiff's dental malpractice claim and that judgment should issue in their favor.  *Id*  As of the within signature date, no opposition has been received for filing.  The case is ready for

---

[1]  Plaintiff does not indicate when this event occurred.  Attachments to the Complaint intimate that the partial plates were allegedly broken in November of 2002.  Paper No. 1 at Attachment 1.

[2]  In addition, Plaintiff claims he continues to experience pain since his dental prosthesis was damaged. Paper No. 1.  He alleges that upon his arrival at the Federal Correctional Institution in Cumberland, Maryland in 2006, he was examined by the prison dentist who noted Plaintiff experienced pain when eating due to the lack of a prosthesis, that the "prognosis" for repair to the partial plates was poor, and that Plaintiff had requested new dentures.  Plaintiff asserts that although he notified BOP staff of his continuing problem, no action was taken.

[3]  The allegations submitted in the Complaint are provided under oath.

consideration. Oral hearing is not necessary. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

I. *Standard of Review*

> Fed. R. Civ. P. 56(c) provides that:
>
> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

II. *Analysis*

According to Defendants, Plaintiff was transferred to the FPC at Seymour Johnson Air Force Base in Goldsboro, North Carolina on October 31, 2000.  Paper No. 8, Attachment 1.  The dental records provided this court show the following.  Plaintiff began to have problems with the fit of his partials on April 29, 2002, when his partial fell to the floor and broke.  He attempted to fix the partial himself but bent the clasp so that the partial would not fit.  *Id*., Attachment 4.  BOP dental staff have attempted on numerous occasions to remedy the fit problems by recasting and adjusting his partial plates.  *Id*.

Plaintiff was transferred from FPC Seymour Johnson to the Federal Correctional Institution ("FCI") in Cumberland, Maryland on January 19, 2006.  He filed an administrative tort claim with the BOP under the FTCA on July 5, 2006, claiming that his dental prosthesis was broken by a BOP dental officer at FPC-Seymour Johnson on November 21, 2002, and had not been fixed or replaced.  *Id*, Attachments 1 & 2.  The administrative tort claim was denied as untimely on July 10, 1006.  *Id*.  On July 19, 2006, Plaintiff resubmitted the identical claim but, according to Defendants, "altered" the date of the alleged injury to October 12, 2005, to file the claim within the two-year statute of limitations period.  *Id*., Attachment 3.   The BOP denied the claim on December 11, 2006, again finding that it was filed outside the two-year limitations period.  *Id*.

Plaintiff filed the instant Complaint in March of 2007.  He was transferred to a Community Corrections Center on July 12, 2007, to serve the remaining portion of his sentence.  The projected release date from his federal sentence is January 7, 2008.[4]  *Id*., Attachment 1.

Under the FTCA, the United States is liable as a private person for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any

---

[4]  According to the record, Plaintiff is housed in a halfway house in Wilmington, North Carolina as of September 17, 2007.

3

employee of the Government while acting under the scope of his office or employment."[5] 28 U.S.C. § 1346(b). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Moreover, a tort claim against the United States is barred unless an administrative claim is presented in writing to the appropriate federal agency within two years after such claim accrues or unless the civil action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented. *See* 28 U.S.C. §§ 2401(b) & 2675(a). Both the statute of limitations and administrative exhaustion provisions are valid conditions under which suits may be maintained under the statute. These conditions are jurisdictional requirements, not capable of waiver or subject to estoppel. *See Kototis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

Liability under the FTCA is determined in accordance with state law, but federal law determines when the action accrues. *See Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991). FTCA claims typically accrue when a plaintiff is injured. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). In medical malpractice claims, however, neither a plaintiff's injury nor its cause may be immediately apparent. *Id.* at 122. In such cases a cause of action accrues under the FTCA when plaintiff knows or in the exercise of reasonable diligence should have known both the existence and cause of his injury. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *Gould v. United States Dep't of Health & Human Services*, 905 F.2d 738, 742 (4th Cir. 1990).

According to the record, Plaintiff began having problems with the fit of his partials in April of 2002, when his partial fell to the floor and broke and he tried to fix it, bending the clasp. Defendants claim that from that point on Plaintiff continually had problems with the fit of his partial and dental staff worked to improve the fit. Clearly, Plaintiff first became aware of his broken partial and the fit problem on April 29, 2002. Plaintiff did not file his administrative tort claim with

---

[5] Under the FTCA, the United States would be considered the only proper defendant. *See Feres v. United States*, 340 U.S. 135, 141 (1950), *Wood v. Standard Products Co., Inc.*, 671 F.2d 825, 829-30 (4th Cir. 1982).

the BOP until July 5, 2006, over four years later.  In addition, this cause of action was filed more than six months after the BOP denied the tort claim on July 10, 2006.

Plaintiff does not refute Defendants' arguments that his tort claim here is subject to dismissal as untimely.[6]  This court concurs.  Alternatively, the court finds that Plaintiff has failed to prove a dental malpractice claim under applicable law.

Actions brought under the FTCA are governed by the substantive law of the state in which the alleged tort occurred.[7]  *See Medina v. United States,* 259 F.3d 220, 223 (4th Cir. 2001).  The negligence or malpractice alleged by plaintiff primarily occurred in North Carolina, and the parties do not dispute that North Carolina substantive law controls this action.  To recover on a medical malpractice claim under North Carolina law, Plaintiff must prove three essential elements: (1) the applicable standard of care; (2) defendant's breach of that standard; and (3) that defendant's breach caused plaintiff's injury.[8]  *See Shumaker v. United States,* 714 F.Supp. 154, 158 (M.D. N.C. 1988).[9]

The unopposed record reveals that in 1999 and 2000, Plaintiff was repeatedly seen by dental staff for tooth decay, extractions, and an oral ulcer.  Paper No. 8, Attachment 4. Partial plates were

---

[6]  Under the "continuing treatment doctrine" a plaintiff's cause of action under the FTCA does not accrue until the tortious continuing treatment ends, even if the plaintiff is aware of the facts constituting negligence before that time. *See Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir. 1987). This doctrine, however, applies where there had been a course of continuous medical treatment and the treatment has been for the same illness or injury out of which the claim for medical malpractice arose. *See Otto v. National Institute of Health*, 815 F.2d 985, 988 (4th Cir. 1987). Plaintiff apparently raised claims of continuing *negligent* treatment, arguing that while a prison dentist had broken his partial in 2002, BOP staff, on an ongoing basis, had failed to take action to fix or replace his partials, causing him continued pain and significant weight loss.  The BOP chose to narrowly construe the administrative tort claims as one alleging negligence for the damage to the partials in 2002.

[7]  As the Supreme Court stated in *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), "Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means the law of the State-the source of substantive liability under the FTCA."

[8]  As a general rule, a plaintiff must present expert testimony to make out a prima facie showing for each of these three elements. *Makas v. Hillhaven, Inc.,* 589 F.Supp. 736, 740 (M.D.N.C.1984) *White v. Hunsinger,* 88 N.C.App. 382, 387, 363 S.E.2d 203, 206 (1988) *Beaver v. Hancock,* 72 N.C.App. 306, 312, 324 S.E.2d 294, 298-99 (1985).

[9]  The standard for establishing a prima facie case establishing medical malpractice in Maryland is similar to that of North Carolina.  *See Lawson v. United States*, 454 F. Supp. 373, 416 (2006).

5

casted for him in 2000. *Id*. In October 2000, it was noted that he was doing well with his partial plates and that no adjustment was needed. *Id*. After his transfer to the FCP at Seymour Johnson, Plaintiff was provided a complete oral prophylaxis on March 1, 2001. *Id*. In May of 2001, his partials were subject to an ultrasonic cleaning.

On April 29, 2002, Plaintiff complained that his partial hit floor and he tried to repair it, but bent the major connector. *Id*. As a result the clasp to the partial would not fit. The dentist, Dr. Michael Day, advised Plaintiff that a new partial would have to be made. *Id*. On June 5, 2002, Dr. Day asked that maxillary trays be fabricated and that a cast for Plaintiff's tray be fabricated. In August and September of 2002, impressions were taken and file registration was sent to a lab for fabrication of a partial. *Id*. On November 18 and 19, 2002, the framework for the partial was reviewed, the clasp was adjusted, and the partial was cleaned. *Id*. Plaintiff also was seen for a "bump" on his tongue. *Id*.

On November 21, 2002, Plaintiff complained of the upper cast partial. *Id*. Dr. Day tightened and re-positioned the clasps and advised Plaintiff to return if problems still persisted. *Id*. On December 9, 2002, Plaintiff was examined for a irritation to the tip of his tongue. *Id*. Plaintiff was advised of findings, a plan was recommended, and a soft night guard was to be fabricated if problems persisted. Paper No. 8, Attachment 4. The clasp on Plaintiff's partial was adjusted and tightened. *Id*. On December 17, 2002, Plaintiff was again seen by Dr. May for a complaint of a loose upper partial. *Id*. Dr. May scheduled further impressions to have a clasp added to the partial and to have a night guard fabricated. *Id*.

The record further shows that on February 2, 2003, Plaintiff's repaired partial was delivered with an adjustment in the area of new clasp. *Id*. Plaintiff was seen by dental staff in March and September of 2003, for dental work and a complete oral prophylaxis. *Id*. In October of 2005, Plaintiff received a complete oral prophylaxis and evaluation. *Id*. He complained that he had a hole in his tooth and that the clasp on his partial was broken.

Plaintiff was transferred to FCI-Cumberland in March of 2006. Paper No. 8, Attachment 4. On April 13, 2006, he was seen by the FCI dentist, Dr. Dean Cohen, who noted Plaintiff's complaint of "broken" dentures and pain when eating due to lack of prosthesis. *Id*. Dr. Cohen found that the partial dentures were "malfitting." *Id*. He explained this to Plaintiff, who requested new dentures. Dr. Cohen advised Plaintiff to "submit a 'cop-out'[10] for routine care." *Id*.

The uncontroverted documents show that Plaintiff's partial plate fell on the floor and broke in April of 2002, and that he attempted to repair the partial but wound up bending the clasp. Allegations that Dr. May broke the partial are not supported by the evidence. Further, the medical record shows that upon Plaintiff's complaints, dental staff attempted to adjust the clasp by tightening it, repositioning it, or issuing orders for the fabrication of an additional clamp to remedy the problem. Plaintiff has failed to show the manner, if any, in which dental personnel deviated from the standard of care. Moreover, he has failed to set forth any evidence, except his own conclusory allegations, that dental staff were negligent and has failed to establish a causal link between the alleged negligence and his alleged injuries. Therefore, the court will dismiss Plaintiff's claim under the FTCA for medical malpractice due to the alleged denial of dental care.[11]

A separate Order follows.

Date:   October 29, 2007            _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge

---

[10] A "cop-out" is a grievance filed pursuant to the BOP administrative remedy process.

[11] In his Federal Tort Claim Suit Plaintiff makes reference to the "Eighth Amendment" and "deliberate indifference" related to his dental care. Paper No. 1. To the extent that he is attempting to raise civil rights damage claims against FCI-Cumberland personnel under 28 U.S.C. § 1331, his allegations shall be dismissed without prejudice. Plaintiff does not name proper party Defendants, set out particularized constitutional claims, or demonstrate that he exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a).